# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-352

John D. Desbrow, Sr.,                                      Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs,                            Appellee.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges.*

## O R D E R

The appellant, through counsel, seeks review of a February 19, 2002, Board of Veterans' Appeals (BVA or Board) decision that denied an effective date earlier than December 16, 1997, for his Department of Veterans Affairs (VA) non-service-connected pension benefits with special monthly pension based on the need for aid and attendance, currently rated at 100%. Record (R.) at 1-9. The appellant and the Secretary have each filed a brief, and the appellant filed a reply brief.

Upon further consideration of the case, the Court now requires additional information from the parties on certain matters pertaining to the implementation the GI Bill Improvement Act of 1977, Pub. L. No. 95-202, § 401, 91 Stat. 1433, 1449-50 [hereinafter § 401], 32 C.F.R. § 47.5 (2002), and 38 U.S.C. § 7722(b), as follows:

(1) At what point in time does § 401(a)(1)(B) require the Secretary concerned, *see* 38 U.S.C. § 101(25), to "issue[] to each member of . . . [a recognized group, *see* 32 C.F.R. § 47.3 (2002) (defining "[r]ecognized group",)] a discharge"?

(2) In implementing § 401(a)(1), does the Secretary concerned ever issue individual discharges to members of recognized groups in advance of an individual making an application for such a discharge pursuant to 32 C.F.R. § 47.5(c)(2)?

(3) In this case, when did the Secretary of the Air Force issue a DD Form 214 for the appellant's service in the recognized group described in 38 C.F.R. § 3.7(x)(25) (2002)?

(4) Pursuant to 32 C.F.R. § 47.5(b)(9)(ii), did the Secretary of the Air Force notify the Secretary of Veterans Affairs of the recognition of the group described in 38 C.F.R. § 3.7(x)(25)? If so, when?

(5) Does 38 U.S.C. § 7722(b) apply to veterans given discharges pursuant to § 401(a)(1)(B)? If so,

(a) at what point in time is a letter under 38 U.S.C. § 7722(b) sent to such a veteran? and

(b) was such a letter sent to the appellant and, if so, when (the Secretary will provide a copy of any such letter)?

(6) It appears that many relevant documents are missing from the record on appeal (ROA). *See* U.S. VET. APP. R. 10. Accordingly, the parties will be directed to submit, pursuant to Rule 11(b) of the Court's Rules of Practice and Procedure (Rules), a supplemental ROA containing, at a minimum, the following:

(a) Evidence of the appellant's employment with Pan American World Airways (Appellant's (Appel.) Brief (Br.) at 2);

(b) Evidence of when John D. Desbrow, Jr., the appellant's son, gained durable power of attorney regarding the appellant (R. at 18);

(c) The January 7, 1949, Notice of Authorization of Entrance into Education without Subsistence Allowance issued to the appellant by VA (Appel. Br. at 6);

(d) Medical evidence regarding the appellant's diagnosis of organic brain syndrome, including an October 3, 1997, medical report by Dr. Moshe Freiberg that discussed his September 4, 1997, examination and diagnosis of the appellant (Appel. Br. at 13-14);

(e) The April 1998 VA regional office (RO) decision that denied the appellant's claim for pension benefits on the ground that there was "no evidence of any period of active duty service" (R. at 85; Appel. Br. at 3);

(f) Any evidence that may show that the appellant received copies of his DD Form 256AF and DD Form 214 on November 24, 1998 (Appel. Br. at 3);

(g) The appellant's DD Form 256AF (Appel. Br. at 3);

(h) The March 29, 1999, VARO decision referred to in the appellant's April 15, 1999, Notice of Disagreement (R. at 35);

(i) The unopposed April 2001 motion by the Secretary to vacate the September 2000 BVA decision and remand the matter in connection with the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000) (R. at 2); and

(j) The Court order granting that motion and vacating that decision (R. at 2).

In accordance with Rule 11(b), each party may seek to add to the ROA further "additional material that was before the Secretary and the Board [and] is relevant to an issue on appeal." U.S. VET. APP. R. 11(b).

Upon consideration of the foregoing, it is

ORDERED that, not later than 20 days after the date of this order, the parties submit jointly, in accordance with Rule 11(b), a supplemental ROA containing documents in response to the above list and any other documents that the parties agree should be included in the ROA. It is further

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, (1) a memorandum of law addressing the above questions and (2) any motion for supplementation under Rule 11(b) as to documents not jointly agreed upon. It is further

ORDERED that, not later than 30 days after the filing of the Secretary's supplemental memorandum, the appellant file, and serve on the Secretary, (1) a memorandum in response to the Secretary's memorandum and (2) any motion for supplementation under Rule 11(b) as to documents not jointly agreed upon and a response to any motion for supplementation filed by the Secretary. It is further

ORDERED that, not later than 15 days after any motion for supplementation is filed by the appellant under Rule 11(b), the Secretary file a response to that motion.

DATED: July 24, 2003                                        PER CURIAM.